J-A27010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN LUTHER JACKSON | : | |
| | : | |
| Appellant | : | No. 27 MDA 2024 |

Appeal from the PCRA Order Entered November 29, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005374-2006

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, P.J.:                **FILED: FEBRUARY 28, 2025**

Franklin Luther Jackson appeals, *pro se*, from the order, entered in the Court of Common Pleas of York County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

We have previously summarized the factual history of this case.  **See Commonwealth v. Jackson**, 947 A.2d 1260, 1261-64 (Pa. Super. 2008).  For current purposes, it is sufficient to say that Jackson was the orchestrator and getaway driver for a revenge shooting in York County.  During Jackson's trial, after which he was convicted of third-degree murder, the Commonwealth located a co-conspirator, Shannon Stuart, in Atlanta, Georgia.  The Commonwealth made a deal with Stuart that, in exchange for his extradition waiver and testimony against Jackson, the Commonwealth would reduce Stuart's charges.  **See id.**

This Court previously summarized the procedural history of this case as follows:

On April 30, 2007, the trial court sentenced [Jackson] to serve a term of 20 to 40 years in prison for his third-degree murder conviction and we affirmed [his] judgment of sentence on April 30, 2008. *See id.* [Jackson did not file a petition for allowance of appeal to our Supreme Court.]

On April 8, 2009, [Jackson] filed a timely, *pro se* PCRA petition. Following the appointment of counsel and an evidentiary hearing, the PCRA court denied [Jackson]'s petition on June 30, 2009. We affirmed the PCRA court's order on March 12, 2010[,] and the Pennsylvania Supreme Court denied [Jackson]'s petition for allowance of appeal on April 7, 2011. *Id.*, 996 A.2d 545 (Pa. Super. 2010) [(Table); *see id.*,] *appeal denied*, 20 A.3d 1210 (Pa. 2011) [(Table)].

On February 16, 2012, [Jackson] filed a *pro se* petition for writ of *habeas corpus* . . . in the [PCRA court], where he claimed that he was unconstitutionally convicted of third-degree murder. The PCRA court properly considered [Jackson]'s filing to be a second PCRA petition and, on March 5, 2012, the PCRA court dismissed the petition as untimely.

[Jackson] filed his third [*pro se*] PCRA petition on August 19, 2013. Following the appointment of counsel and a hearing, the PCRA court denied [Jackson] relief on February 11, 2015. This Court affirmed the PCRA court's order on January 12, 2016[,] and the Pennsylvania Supreme Court denied [Jackson]'s petition for allowance of appeal on June 15, 2016. *Id.*, 136 A.3d 1030 (Pa. Super. 2016) [(Table); *see id.*,] *appeal denied*, 140 A.3d 12 (Pa. 2016) [(Table)].

*Commonwealth v. Jackson*, 236 A.3d 1139 (Pa. Super. 2020) (Table) (some citations omitted).

On August 29, 2017, Jackson filed his fourth PCRA petition. The PCRA court appointed counsel and ultimately conducted a hearing. On August 10,

2018, the PCRA court dismissed Jackson's fourth PCRA as untimely, concluding that he had failed to plead and prove a timeliness exception. Jackson appealed, this Court affirmed, and our Supreme Court denied his petition for allowance of appeal. *See id.*; *see also id.*, 239 A.3d 1088 (Pa. 2020) (Table).

On May 21, 2021, Jackson filed the instant *pro se* PCRA petition, his fifth. The PCRA court appointed counsel, who later withdrew, and Illon R. Fish, Esquire, entered his appearance as privately retained PCRA counsel. On November 16, 2022, Attorney Fish filed an amended PCRA petition. The Commonwealth filed a response, arguing that Jackson's PCRA petition was untimely. Attorney Fish withdrew as counsel and, on July 24, 2023, Mark S. Keenheel, Esquire, entered his appearance as privately retained PCRA counsel. On October 31, 2023, Attorney Keenheel filed a second amended PCRA petition. The Commonwealth filed a response again arguing that Jackson's PCRA petition was untimely.

On November 29, 2023, the PCRA court conducted a hearing on the timeliness of Jackson's petition. At the conclusion of the hearing, the PCRA court dismissed Jackson's petition as untimely. On December 29, 2023, Attorney Keenheel withdrew as counsel.

Jackson filed a timely *pro se* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Jackson now raises the following claims for our review:

> [1.] Whether the PCRA court erred when it dismissed [Jackson's] PCRA petition without a hearing where [he] invoked [the

governmental interference and newly[-]discovered fact exceptions] to the [PCRA] time bar[.]

[2.] Whether the Commonwealth committed a **Brady**[1] violation where it withheld material exculpatory evidence from [Jackson].

[3.] Whether the Commonwealth's attorney perpetrated a knowing fraud upon the court by failing to disclose material evidence to the defense and presented false information and testimony to the court[.]

[4.] Whether the PCRA court erred when it failed to address [Jackson's] claims and omitted facts upon which [his] claims are predicated.

[5.] Whether PCRA counsel was ineffective for failing to raise all ineffective assistance of counsel claims against all [of Jackson's] prior attorney[s who] did not raise a newly[-]discovered facts claim pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii)[.]

Brief for Appellant, at 4.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions are free from legal error." **Commonwealth v. Cox**, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007).

Prior to addressing Jackson's claims, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within one

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final for the purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Jackson's judgment of sentence became final, for purposes of the PCRA, on May 30, 2008, when the time expired for him to file a petition for allowance of appeal in our Supreme Court. **See** 42 Pa.C.S.A. § 9545(1), (3); Pa.R.A.P. 1113(a). Thus, Jackson had until May 30, 2009, to file a timely PCRA petition. **See id.**; **see also Jackson**, 136 A.3d 1030 (Table) (concluding Jackson's judgment of sentence became final on May 30, 2008, and all timely PCRAs were required to be filed by May 30, 2009). Consequently, Jackson's instant petition, filed on May 21, 2021, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).[2] "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Here, Jackson argues that his PCRA is timely under the newly-discovered facts exception and the governmental interference exception.

The newly-discovered facts exception to the PCRA time bar "renders a petition timely when the petitioner establishes that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020) (quotation marks and citation omitted). A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" *Id.* at 1282 (quotation marks omitted). "The focus of the exception is on [the] newly[-]discovered facts,

_____

[2] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Instantly, Jackson's claims originated in 2007, well before December 24, 2017, and, therefore, the original 60-day time limit applies.

not on a newly[-]discovered or newly[-]willing source for previously known facts." **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) (internal citations and quotation marks omitted). In other words, the fact that a petitioner has "discovered yet another conduit" for a claim previously presented "does not transform his latest source into evidence falling within the ambit of section 9545(b)(1)(ii)." **Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa. Super. 2020) (en banc) (quotation marks and citation omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." **Small**, 238 A.3d at 1282. Further, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new facts earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

**Brady** claims can fall within the governmental interference exception to the PCRA time bar. **See Commonwealth v. Natividad**, 200 A.3d 11, 28 (Pa. 2019) ("It is well-settled a **Brady** violation may fall within the governmental interference exception."). Nevertheless, "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier

- 7 -

with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted).

Instantly, the PCRA court concluded that Jackson had failed to meet his burden satisfying either of these exceptions because "[Jackson] failed to present any witness testimony or other supporting evidence." PCRA Court Opinion, 3/7/24, at 9. The PCRA court also concluded that the Commonwealth's deal with Stuart cannot constitute newly-discovered facts because "at a post-sentence motion hearing, [the trial court] found that the [Commonwealth had] accurately portrayed the agreement . . . as it existed during [Jackson]'s trial." *Id.* (citing *Jackson*, 947 A.2d at 1264) (quotation marks omitted). Further, the PCRA court determined that Jackson had failed to demonstrate due diligence by taking over 13 years to hire a private investigator, who did not testify at the hearing. *See* PCRA Court Opinion, 3/7/24, at 9-10.

After review of the record, we conclude that the PCRA court did not err in determining that Jackson had failed to satisfy a time bar exception to the PCRA. Indeed, as summarized, Jackson has completely failed to address the due diligence prong of either exception, presented no testimony whatsoever at **his own hearing** that would satisfy the exceptions, and cannot demonstrate that the Stuart-Commonwealth agreement was unknown to him. *See id.* Furthermore, we observe that the Stuart-Commonwealth agreement **cannot be a new fact** because this Court has been addressing Jackson's prior claims regarding this agreement since 2008. *See Jackson*, 947 A.2d at

1264.[3]   Accordingly, Jackson's fifth PCRA petition is untimely without an applicable exception and the PCRA court did not err in dismissing his petition.[4]

In his fifth claim, Jackson argues that Attorney Keenheel was ineffective for failing to argue that all of Jackson's prior counsel rendered ineffective assistance of counsel by failing to raise a "newly-discovered facts claim" regarding the Stuart-Commonwealth agreement. **See** Brief for Appellant, at 31-34.   Jackson contends that the discovery of the Stuart-Commonwealth agreement also led him to discover that all of his prior counsel were ineffective by failing to investigate, preserve, or brief that agreement. **See id.**   Jackson asserts that Attorney Keenheel rendered ineffective assistance by failing to argue this layered ineffectiveness claim at the PCRA hearing. **See id.** at 33-34.   Jackson avers that, pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021),[5] he may raise this claim for the first time on appeal. **See** Brief for Appellant, at 32-33.   We disagree.

We have already concluded that Jackson's claims are time-barred and, therefore, Attorney Keenheel could not have been ineffective for failing to

---

[3] We acknowledge that Jackson has similarly raised claims regarding the Stuart-Commonwealth agreement in the U.S. Court of Appeals for the 3rd Circuit in several cases as well, which we do not summarize here.

[4] In light of our conclusion, we need not address Jackson's third and fourth claims as those claims deal with the underlying merits should he have satisfied the time bar exceptions, which he did not. **See Albrecht**, **supra**.

[5] In **Bradley**, our Supreme Court held that a defendant may raise claims of ineffective assistance of PCRA counsel for the first time on appeal, or at the earliest opportunity to do so. **See id.** at 401-05.

raise a time-barred claim.[6] **See also Bradley**, 261 A.3d at 404, n.18 (petitioner's "discovery" of prior counsel's ineffectiveness cannot satisfy newly-discovered facts time bar exception). Moreover, Jackson's bald allegations regarding the Stuart-Commonwealth agreement, which he also argued in his other time-barred claims, are similarly unavailing here. Accordingly, Jackson's ineffectiveness claim fails.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/28/2025

---

[6] We observe that Jackson also challenges the effectiveness of all prior counsel separately from Attorney Keenheel's alleged ineffectiveness. **See** Brief for Appellant, at 31-34. However, this Court has held that **Bradley** does not create a new way to circumvent the PCRA time bar. **See Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023) ("[n]othing in **Bradley** creates a right to file a second [or subsequent] PCRA [petition] outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right"). Accordingly, these claims fail.